IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY PINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-807-F |
| | ) | |
| DAVID MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Mr. Jeremy Pinson claims constitutional violations during his incarceration. Defendants David Miller, Ron Peters, Beverly Taylor, and GEO Group, Inc. seek dismissal or summary judgment and a finding that the action is frivolous. The Plaintiff objects to the Defendants' motions and moves to strike them. The Court should overrule the motion to strike the dispositive motion, deny the motion to dismiss, grant the motion for summary judgment, and reject the Defendants' request for a finding of frivolousness.

## Factual Background

While incarcerated at Cimarron Correctional Facility, the Plaintiff witnessed the murder of a fellow inmate and member of the Universal Aryan Brotherhood gang. *See* Complaint Pursuant to 42 U.S.C. 1983 at p. 3 (July 28, 2010) ("Complaint"). Following the incident, Mr. Pinson allegedly cooperated with prison officials during their investigation and, as a result, was labeled a "snitch" by gang members. *See id.* A decision was then made to

transfer Mr. Pinson to Lawton Correctional Facility. *See id.* But before he was moved, Mr. Pinson wrote a letter to Defendant Cunningham at the Lawton Correctional Facility, requesting segregation from members of the Universal Aryan Brotherhood upon his arrival. *See id.* at p. 4. Mr. Cunningham allegedly disregarded the request and placed Mr. Pinson in the general population when he arrived at the Lawton facility. *See id.* at p. 3. While there, Mr. Pinson was allegedly assaulted by members of the gang. *See id.* The present suit followed.

Procedural Background

In 2006, Mr. Pinson filed a civil rights complaint, alleging constitutional violations stemming from the assault. *See* Civil Rights Complaint, *Pinson v. Miller*, Case No. CIV-06-49-T (W.D. Okla. Jan. 13, 2006). Ultimately, the complaint was dismissed without prejudice based on Mr. Pinson's failure to exhaust administrative remedies. *See* Report and Recommendation, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. July 17, 2006) (unpublished op.), *adopted*, Order, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. Sept. 21, 2006) (unpublished op.). In the current action, Mr. Pinson alleges that the complaint "was originally filed as CIV-06-49-F . . ., however due to events beyond the Plaintiff's control, the Plaintiff, was unable to prosecute that case" until he could obtain

2

necessary materials in June 2010.[1] Mr. Pinson argues that he is entitled to equitable tolling between the dismissal and his acquisition of the relevant materials.

## The Plaintiff's Motion to Strike the Dispositive Motion

The Plaintiff moves to strike the dispositive motion on grounds that it was not served. The issue of service involves a swearing-match. The Defendants' attorney attested to service upon the Plaintiff, who states that he did not receive the document. The Court has no way of knowing whether the Defendants failed to serve the document or if the document had been mishandled by the postal service or prison authorities. But, when the motion to strike was filed, the Clerk's office mailed a copy of the dispositive motion to Mr. Pinson. He then timely responded, and the Court has considered the response. In these circumstances, the Court should decline to strike the dispositive motion.

## The Defendants' Motion to Dismiss

The Defendants move for dismissal, arguing that the filing of a new suit is precluded by the doctrine of *res judicata* and that the action is time-barred. The Court should reject both arguments for dismissal.

---

[1] *See* Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 4 (Nov. 22, 2010). In his response, Mr. Pinson states that he had received the pertinent documents, allowing him to file the complaint "approximately 2 weeks prior to the filing of [the current] case." *Id.* at p. 2. The complaint was filed, at the earliest, on July 1, 2010. *See infra* note 10.

3

The prior dismissal was without prejudice,[2] and this type of dismissal cannot operate as *res judicata*.[3] Thus, the Defendants' theory of *res judicata* is invalid.[4]

The Defendants also rely on a limitations defense. The action cannot be dismissed on this basis.

Under Federal Rule of Civil Procedure 12(b)(6), the Court can consider the statute of limitations only when a time-bar is apparent on the face of the amended complaint.[5] To make

---

[2] Report and Recommendation at p. 7, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. July 17, 2006) (unpublished op.) (recommending that the court grant the defendants' motion to dismiss "and that Plaintiff's Complaint be dismissed without prejudice on the ground that Plaintiff ha[d] failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a)"), *adopted*, Order, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. Sept. 21, 2006) (unpublished op.) (adopting the magistrate judge's report "in its entirety"); *see also supra* p. 2.

[3] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("'[D]ismissal ... without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' and thus does not have a res judicata effect." (citation omitted)); *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) ("Plaintiffs are correct that a dismissal without prejudice 'is a dismissal that does not operat[e] as an adjudication upon the merits, and thus does not have a res judicata effect.'" (citations omitted)).

[4] In the prior action, the only named defendants were David Miller and R. Peters. But Beverly Taylor and GEO Group, Inc. are also relying on the prior dismissal even though that they had not been sued in the earlier action. Their absence from the prior action would have prevented reliance on the doctrine of *res judicata* even if the prior dismissal had involved an adjudication on the merits. *See Mid-Continent Casualty Co. v. Everett*, 340 F.2d 65, 69 (10th Cir. 1965) ("res judicata does not apply between cases involving different parties" (citation omitted)); *Sentry Insurance v. Longacre*, 403 F. Supp. 1264, 1268 (W.D. Okla. 1975) ("res judicata does not apply between cases involving different parties" (citation omitted)).

[5] *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." (citations omitted)), *overruled in part on other grounds*, *Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

this determination, the Court is confined to "the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (citation omitted).

The limitations defense obviously turns on when the alleged wrongdoing had taken place. Mr. Pinson stated in the complaint that the wrongdoing had taken place during his stay at the Lawton Correctional Facility. *See supra* pp. 1-2. But, Mr. Pinson does not say in the complaint when he had been at the Lawton prison. Thus, one cannot tell from the complaint when the alleged action had taken place.[6] Without this information from the face of the complaint, the Court cannot dismiss the action for failure to state a claim on which relief can be granted.

The Defendants' Motion for Summary Judgment

The defect in the Defendants' limitations argument is cured in their alternative motion for summary judgment. *See supra* note 6. There the Defendants have relied on their earlier special report and this document showed that Mr. Pinson had stayed at the Lawton

---

[6] As noted below, the Plaintiff ultimately conceded that he had left the Lawton Correctional Facility in September 2005. *See infra* pp. 5-7. In some jurisdictions, the court can consider a factual allegation that is not within the complaint if it is conceded in the plaintiff's response brief. *See Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005) (stating that the court can consider "concessions in the complainant's response to the motion to dismiss" (citations omitted)); *Trustees of the Local 734 Bakery Drivers Health and Welfare Plan v. Wolff*, 537 F. Supp. 2d 951, 954 (N.D. Ill. 2008) ("if the parties agree as to additional facts that are consistent with, but outside the complaint, those facts may be considered on a motion to dismiss" (citations omitted)); *cf. Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997) (permitting the court to consider, on a motion to dismiss, facts agreed to by the parties even though they had not been contained in the complaint). However, the Tenth Circuit Court of Appeals has not recognized this exception to the general rule limiting consideration to the four corners of the complaint. *See supra* pp. 4-5. In these circumstances, the Court can consider the Plaintiff's concession in deciding the summary judgment motion but not the motion to dismiss. *See Bush v. United States*, 823 F.2d 909, 910-11 (5th Cir. 1987) (*per curiam*) (when the plaintiff conceded the relevant accrual date, rendering the action untimely, the "dismissal should have been on summary judgment rather than for failure to state a claim" (footnote & citations omitted)).

Correctional Facility until September 2005.[7] Mr. Pinson agrees.[8] With this date established, the Court must determine whether the filing 4+ years later was too late. This question should be answered in the affirmative.

I.   Standard for Summary Judgment

For purposes of summary judgment, the Defendants bear the burden to establish their right to judgment. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

II.   The Existence of a Two-Year Limitations Period

In the complaint, Mr. Pinson asserts a violation of the First and Eighth Amendments. According to the Plaintiff, the Defendants:

- failed to provide protection,

- failed to supervise and train prison officials, and

---

[7]   *See* Special Report at p. 1, *Pinson v. Miller*, Case No. CIV-06-49-T (W.D. Okla. May 15, 2006) ("Inmate Pinson was incarcerated at the LCF from May 4, 2005, until September, 2005.").

[8]   Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 1 (Nov. 22, 2010) (alleging that the "Plaintiff was incarcerated at the Lawton Correctional Facility from about May 4, 2005 to September 2005").

6

- interfered with his attempt to file a grievance regarding the assault.

For these claims, the applicable limitations period is governed by Oklahoma's provision for personal injury actions, which is two years.[9]

III.   Application of the Two-Year Limitations Period to Mr. Pinson's Claims

For purposes of the limitations period, causes of action under Section 1983 accrue when the claimant knows or has reason to know of the existence and cause of the injury. *See Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993). The Plaintiff's claims concern events during his stay at the Lawton Correctional Facility. *See supra* pp. 1-2. Mr. Pinson does not identify the dates of his violations, but he does state that his incarceration at Lawton Correctional Facility ended in September 2005. *See supra* pp. 5-6; *see also supra* note 6. Consequently, at the latest, the two-year limitations period would have ended on September 30, 2007. Since that day was a Sunday, Mr. Pinson might have had until the following day, October 1, 2007, to file his complaint. *See* Fed. R. Civ. P. 6(a)(3). But from that date, the Plaintiff waited at least two years and eight months to file

---

[9]   *See* Okla. Stat. tit. 12 § 95(A)(3); *see also Wilson v. Garcia*, 471 U.S. 261, 271-75, 280 (1985) (requiring lower courts to classify all Section 1983 suits as "personal injury" claims for purposes of the applicable limitations period).

the present action.[10] Thus, the action can only be considered timely if Mr. Pinson is entitled to invoke the state savings statute or tolling. He is not.

IV.     The 2006 Action and the Possible Effect on Timeliness

As discussed above, Mr. Pinson alleges that he had sued in 2006 over the same claims and was unable to prosecute the action until 2010 because of the unavailability of his legal materials. *See supra* pp. 2-3. Presumably, the Plaintiff is attempting to argue that: (1) the present action is rendered timely under the state savings statute; or (2) the unavailability of legal materials had tolled the limitations period. Either argument would be unpersuasive.

A.      Inapplicability of the Savings Statute

The limitations period would not be affected by Oklahoma's "savings statute." That provision states:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12 § 100. The prior action was dismissed on September 21, 2006. Judgment, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. Sept. 21, 2006). Thus, under the savings statute, Mr. Pinson would have had to refile the action by September 21, 2007. *See supra* p. 8. But he waited until at least July 1, 2010 to do so. *See supra* note 10.

---

[10] The complaint was deemed "filed" when Mr. Pinson gave it to prison authorities for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "that the prison mailbox rule articulated in [Houston v. Lack, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). The Plaintiff does not say when he gave the complaint to officials for filing. But the Court may assume *arguendo* that the Plaintiff had mailed to document on July 1, 2010, the same day he had verified it as truthful. *See* Complaint at p. 5.

B.  Unavailability of Tolling

The availability of tolling is governed by state law.[11] Mr. Pinson argues that he is entitled to tolling, but the argument is invalid.

The Plaintiff complains of his earlier inability to use materials needed to prosecute his civil rights claims. Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 2 (Nov. 22, 2010). According to Mr. Pinson, federal authorities withheld the documents until approximately mid-June 2010. *See supra* pp. 2-3. But Mr. Pinson is not entitled to equitable tolling for the time that he was allegedly deprived of access to his legal materials.

Oklahoma law permits tolling when:

- a "legal disability" exists or

- the injured party could not reasonably have discovered the injury "and resulting cause of action."

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). These conditions do not exist here.

The first situation does not exist because Mr. Pinson did not suffer from a "legal disability." "Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have

---

[11] *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (concluding that in a Section 1983 action, state law governs tolling of the limitations period).

9

not reached the age of majority." *Id.* (citations omitted). Mr. Pinson has not alleged any facts to suggest that he is incompetent or under-age.

Tolling is also possible "if defendants engage in 'false, fraudulent, or misleading conduct' calculated to lull plaintiffs into sitting on their rights." *Id.* Mr. Pinson alleges that prison officials had deprived him of access to legal materials. Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 2 & Exhibit 1(Nov. 22, 2010). But the Plaintiff does not allege that those officials had engaged in fraudulent conduct to carry out the deprivation. In these circumstances, the Court should conclude as a matter of Oklahoma law that tolling is not available to Mr. Pinson.[12]

V.  Summary

Mr. Pinson is not entitled to tolling or application of the state savings statute, and his filing of the complaint in 2010 was too late. As a result, the Court should grant the summary judgment motions filed by Defendants Miller, Peters, Taylor, and GEO Group, Inc.

### Request for a Finding of Frivolousness

The Court screened the complaint and ordered service based on a finding that the Plaintiff had a reasonable opportunity to prevail. Order Requiring Service and Special Report at p. 2 (Aug. 18, 2010); *see* Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(2).

---

[12] *See McCoy v. Damron*, 9 Fed. Appx. 994, 996 (10th Cir. June 7, 2001) (unpublished op.) (rejecting a prisoner's argument for equitable tolling, under Oklahoma law, based on "lack of access to legal materials"); *see also Wall v. Boone*, 76 F.3d 394, 1996 WL 44245, Westlaw op. at 2 (10th Cir. Feb. 5, 1996) (unpublished op.) ("We likewise reject the notion that equitable tolling applies to" the prisoner asserting civil rights claims "based upon his claims" involving denial of "access to legal materials" (citation omitted)).

The Defendants not only urge dismissal or summary judgment, but also request a finding of frivolousness. In doing so, the Defendants rely on their arguments involving *res judicata* and timeliness. Although the Defendants are entitled to summary judgment, the present suit is not frivolous.

A defense can render the complaint frivolous only when the shortcoming "is 'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (citation omitted).

As noted above, the *res judicata* defense is invalid, regardless of whether it is viewed as an argument for dismissal or summary judgment. *See supra* p. 4.

The Defendants' timeliness argument justifies summary judgment,[13] but that does not render the action frivolous. As noted above, the complaint does not say when the alleged wrongdoing took place. *See supra* p. 5. The Plaintiff's silence about the date not only prevents dismissal for failure to state a valid claim,[14] but also forecloses a finding of frivolousness.[15]

---

[13] *See supra* pp. 5-10.

[14] *See supra* pp. 4-5.

[15] *See Fratus v. DeLand*, 49 F.3d at 675 (holding that the district court had erred in its finding of frivolousness based on expiration of the limitations period, reasoning in part that the complaint was not clear about when one of the claims had accrued).

11

## Summary of Recommendations

The Court should overrule the Plaintiff's motion to strike the dispositive motion, deny the motion to dismiss, grant the motion for summary judgment, and decline the Defendants' request for a finding of frivolousness.

## Notice of the Right to Object

The parties can object to the present report. Any such objection must be filed with the Clerk of this Court by January 17, 2011. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1)(C), (d). The failure to timely object would foreclose appellate review of the suggested rulings.[16]

## Status of the Referral

The referral is not discharged.

## Mailing Instructions for the Court Clerk

In light of the Plaintiff's request, the Court asks the Clerk to label the Plaintiff's envelope: "Special Mail - Open in Inmate's Presence."[17]

---

[16] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

[17] *See* Motion to Strike Motion to Dismiss and Order Regarding Mail (Nov. 10, 2010) (requesting the Court to direct the Clerk "to label all mail to Plaintiff with 'Special Mail - Open in Inmates [sic] Presence' pursuant to 28 C.F.R. 540 et seq.").

Entered this 30th day of December, 2010.

Robert E. Bacharach
United States Magistrate Judge