IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY PINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-807-F |
| | ) | |
| DAVID MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON ALL
CLAIMS INVOLVING DEFENDANT DENNIS CUNNINGHAM**

Invoking 42 U.S.C. § 1983, Mr. Jeremy Pinson claims violation of his constitutional rights by Mr. Dennis Cunningham and others. The codefendants filed a summary judgment motion, the Plaintiff responded, and the undersigned recommended that the presiding district judge grant them summary judgment based on expiration of the limitations period. The Court *sua sponte* ordered Mr. Pinson to show cause why Mr. Cunningham would not also be entitled to summary judgment. Mr. Pinson responded by adopting his prior response to the codefendants. With this response, the Court should *sua sponte* grant summary judgment to Mr. Cunningham.

Factual Background

While incarcerated at Cimarron Correctional Facility, the Plaintiff witnessed the murder of a fellow inmate and member of the Universal Aryan Brotherhood gang. *See* Complaint Pursuant to 42 U.S.C. 1983 at p. 3 (July 28, 2010) ("Complaint"). Following the incident, Mr. Pinson allegedly cooperated with prison officials during their investigation and,

as a result, was labeled a "snitch" by gang members. *See id.* A decision was then made to transfer Mr. Pinson to Lawton Correctional Facility. *See id.* But before he was moved, Mr. Pinson wrote a letter to Defendant Cunningham at the Lawton Correctional Facility, requesting segregation from members of the Universal Aryan Brotherhood upon his arrival. *See id.* at p. 4. Mr. Cunningham allegedly disregarded the request and placed Mr. Pinson in the general population when he arrived at the Lawton facility. *See id.* at p. 3. While there, Mr. Pinson was allegedly assaulted by members of the gang. *See id.* The present suit followed.

Procedural Background

In 2006, Mr. Pinson filed a civil rights complaint, alleging constitutional violations stemming from the assault. *See* Civil Rights Complaint, *Pinson v. Miller*, Case No. CIV-06-49-T (W.D. Okla. Jan. 13, 2006). Ultimately, the complaint was dismissed without prejudice based on Mr. Pinson's failure to exhaust administrative remedies. *See* Report and Recommendation, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. July 17, 2006) (unpublished op.), *adopted*, Order, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. Sept. 21, 2006) (unpublished op.). In the current action, Mr. Pinson alleges that the complaint "was originally filed as CIV-06-49-F . . ., however due to events beyond the Plaintiff's control, the Plaintiff, was unable to prosecute that case" until he could obtain

necessary materials in June 2010.[1] Mr. Pinson argues that he is entitled to equitable tolling between the dismissal and his acquisition of the relevant materials.

I.     Authority for a *Sua Sponte* Award of Summary Judgment

The Court can grant summary judgment to the defendant when the plaintiff was on notice of his obligation to present all of his supporting evidence. *See Johnson v. Weld County*, 594 F.3d 1202, 1214 (10th Cir. 2010). That situation is present here. When the codefendants moved for summary judgment based on the statute of limitations, the Court ordered Mr. Pinson to respond and reminded him of his duty to present evidence pointing to a genuine issue of material fact. He did respond, although his evidence was insufficient to create a genuine issue of material fact. While recommending summary judgment to the codefendants, the undersigned also ordered Mr. Pinson to show cause why the Court should not also grant summary judgment to Mr. Cunningham based on expiration of the limitations period. Notified of his burden to respond, the Plaintiff adopted the response brief earlier submitted in objection to the codefendants' summary judgment motion. Clearly the Court has notified the Plaintiff of his duty to present all of his supporting evidence to create a genuine issue of material fact on the issue of timeliness. Thus, the Court can consider the availability of *sua sponte* summary judgment to Mr. Cunningham on grounds of timeliness.

---

[1]     *See* Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 4 (Nov. 22, 2010). In his response, Mr. Pinson states that he had received the pertinent documents, allowing him to file the complaint "approximately 2 weeks prior to the filing of [the current] case." *Id.* at p. 2. The complaint was filed, at the earliest, on July 1, 2010. *See infra* note 4.

3

II. Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable" to Mr. Pinson. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

III. The Existence of a Two-Year Limitations Period

In the complaint, Mr. Pinson asserts a violation of the First and Eighth Amendments. According to the Plaintiff, Mr. Cunningham failed to provide protection and allowed members of the Universal Aryan Brotherhood to remain in the general population, "where they repeatedly assaulted, extorted, raped and murdered other inmates." Complaint at p. 4. For these claims, the applicable limitations period is governed by Oklahoma's provision for personal injury actions, which is two years.[2]

IV. Application of the Two-Year Limitations Period to Mr. Pinson's Claims

For purposes of the limitations period, causes of action under Section 1983 accrue when the claimant knows or has reason to know of the existence and cause of the injury. *See Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993). The

---

[2] *See* Okla. Stat. tit. 12 § 95(A)(3); *see also Wilson v. Garcia*, 471 U.S. 261, 271-75, 280 (1985) (requiring lower courts to classify all Section 1983 suits as "personal injury" claims for purposes of the applicable limitations period).

Plaintiff's claims against Mr. Cunningham involve alleged actions at the Lawton Correctional Facility. *See supra* pp. 1-2. Mr. Pinson does not identify the dates of the alleged violations, but he does state that his incarceration at Lawton Correctional Facility ended in September 2005.[3] Consequently, at the latest, the two-year limitations period on the claims against Mr. Cunningham would have ended on September 30, 2007. Since that day was a Sunday, Mr. Pinson might have had until the following day, October 1, 2007, to file his complaint. *See* Fed. R. Civ. P. 6(a) (2007).[4] But from that date, the Plaintiff waited at least two years and eight months to file the present action.[5] Thus, the action could only be considered timely if Mr. Pinson were entitled to invoke the state savings statute or tolling. He is not.

---

[3] In an earlier special report, the Lawton Correctional Facility stated that Mr. Pinson had remained at the prison until September 2005. *See* Special Report at p. 1, *Pinson v. Miller*, Case No. CIV-06-49-T (W.D. Okla. May 15, 2006) ("Inmate Pinson was incarcerated at the LCF from May 4, 2005, until September, 2005."). Mr. Pinson agreed with this statement. Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 1 (Nov. 22, 2010) (alleging that the "Plaintiff was incarcerated at the Lawton Correctional Facility from about May 4, 2005 to September 2005").

[4] This provision has been revised and renumbered since October 1, 2007. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(3)(A) (2010).

[5] The complaint was deemed "filed" when Mr. Pinson gave it to prison authorities for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "that the prison mailbox rule articulated in [Houston v. Lack, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). The Plaintiff does not say when he gave the complaint to officials for filing. But the Court may assume *arguendo* that the Plaintiff had mailed to document on July 1, 2010, the same day he had verified it as truthful. *See* Complaint at p. 5.

V.      The 2006 Action and the Possible Effect on Timeliness

Mr. Pinson alleges that he had sued in 2006 over the same claims and was unable to prosecute the action until 2010 because of the unavailability of his legal materials. *See supra* pp. 2-3. Presumably, the Plaintiff is attempting to argue that: (1) the present action is rendered timely under the state savings statute; or (2) the unavailability of legal materials had tolled the limitations period. Either argument would be unpersuasive.

  A.      Inapplicability of the Savings Statute

The limitations period would not be affected by Oklahoma's "savings statute." That provision states:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12 § 100. The prior action was dismissed on September 21, 2006. Judgment, *Pinson v. Miller*, Case No. CIV-06-49-F (W.D. Okla. Sept. 21, 2006). Thus, under the savings statute, Mr. Pinson would have had to refile the action by September 21, 2007. *See supra* p. 8. But he waited until at least July 1, 2010 to do so. *See supra* note 4.

  B.      Unavailability of Tolling

The availability of tolling is governed by state law.[6] Mr. Pinson argues that he is entitled to tolling, but the argument is invalid.

---

[6] *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (concluding that in a Section 1983 action, state law governs tolling of the limitations period).

6

The Plaintiff complains of his earlier inability to use materials needed to prosecute his civil rights claims. Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 2 (Nov. 22, 2010). According to Mr. Pinson, federal authorities withheld the documents until approximately mid-June 2010. *See supra* pp. 2-3. But Mr. Pinson is not entitled to equitable tolling for the time that he was allegedly deprived of access to his legal materials.

Oklahoma law permits tolling when:

- a "legal disability" exists or

- the injured party could not reasonably have discovered the injury "and resulting cause of action."

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). These conditions do not exist here.

The first situation does not exist because Mr. Pinson did not suffer from a "legal disability." "Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority." *Id.* (citations omitted). Mr. Pinson has not alleged any facts to suggest that he is incompetent or under-age.

Tolling is also possible "if defendants engage in 'false, fraudulent, or misleading conduct' calculated to lull plaintiffs into sitting on their rights." *Id.* Mr. Pinson alleges that prison officials had deprived him of access to legal materials. Plaintiffs [sic] Response to Defendants [sic] Motion to Dismiss, and Motion for Summary Judgement at p. 2 & Exhibit

1(Nov. 22, 2010). But the Plaintiff does not allege fraudulent conduct by Mr. Cunningham to carry out the deprivation. In these circumstances, the Court should conclude as a matter of Oklahoma law that tolling is not available to Mr. Pinson in his claims against Mr. Cunningham.[7]

## VI. Summary

Mr. Pinson is not entitled to tolling or application of the state savings statute, and his filing of the complaint in 2010 was too late. As a result, the Court should *sua sponte* grant summary judgment to Mr. Cunningham.

## Notice of the Right to Object

The parties can object to the present report. Any such objection must be filed with the Clerk of this Court by January 27, 2011. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1)(C), 6(d). The failure to timely object would foreclose appellate review of the suggested ruling.[8]

## Status of the Referral

The referral is discharged.

---

[7] *See McCoy v. Damron*, 9 Fed. Appx. 994, 996 (10th Cir. June 7, 2001) (unpublished op.) (rejecting a prisoner's argument for equitable tolling, under Oklahoma law, based on "lack of access to legal materials"); *see also Wall v. Boone*, 76 F.3d 394, 1996 WL 44245, Westlaw op. at 2 (10th Cir. Feb. 5, 1996) (unpublished op.) ("We likewise reject the notion that equitable tolling applies to" the prisoner asserting civil rights claims "based upon his claims" involving denial of "access to legal materials" (citation omitted)).

[8] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Mailing Instructions for the Court Clerk</u>

In light of the Plaintiff's request, the Court asks the Clerk to label the Plaintiff's envelope: "Special Mail - Open in Inmate's Presence."[9]

Entered this 6th day of January, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[9] *See* Motion to Strike Motion to Dismiss and Order Regarding Mail (Nov. 10, 2010) (requesting the Court to direct the Clerk "to label all mail to Plaintiff with 'Special Mail - Open in Inmates [sic] Presence' pursuant to 28 C.F.R. 540 et seq.").